IRA P. ALLEN & *al. versus* INHABITANTS OF COOPER.

If a committee be chosen by a town "to lay out and let the remainder of said road to the lowest bidder," their agency does not extend farther than to the making of a contract to make the road; and they have no authority to accept the work, in behalf of the town, as a road made according to the contract, or to waive performance of the contract according to its terms.

And if a committee of three had the power, one of them, without authority from the others, cannot waive the performance of any of the terms of the contract.

If there was an agreement in the first instance as to the time within which a contract was to be performed, and there has been no waiver of it, time is of the essence of the contract.

ASSUMPSIT for labor performed by the plaintiffs in making a road in the town of Cooper.

At a meeting of the inhabitants of the town of Cooper, on Oct. 1, 1838, the following vote was passed. "Voted, that a committee be chosen to lay out and let the remainder of said road to the lowest bidder. Nathaniel Sawyer, Warren Gilman and James Tyler were chosen said committee." This vote

conferred on the committee all the power they had to act for the town. All the committee acted in letting out the making of the road. One of the number was never notified of any meeting of the committee afterwards, and never in any way acted after that time. Before any thing further was done, or pretended to be done, one of the other two members of the committee had ceased to be an inhabitant of Cooper, and had been set off to another town. The facts in the case, and the rulings and instructions of the Judge, presiding at the trial, are found in the opinion of the Court.

*Thatcher*, for the defendants, among other grounds, contended, that the committee had no authority whatever from the town, but merely to let out the making of the road. It was not competent for the whole of them to bind the town by any act after that was done. They had nothing to do with the making of the road. There was no pretence that the road was made according to the stipulations in the contract, and the committee could not waive the performance of it, according to the agreement. A waiver could only be made by the town. *Keyes* v. *Westford*, 17 Pick. 273.

But if the committee had authority to act further than merely letting out the making of the road, they did not act legally. All three should have concurred, and certainly all should have been notified, in order to make their acts binding on the town. *Damon* v. *Granby*, 2 Pick. 345. But one of them had ceased to be a member, and a majority did not act.

Where an act is to be performed within a time fixed by the parties, it is of the essence of the contract.

*Bridges*, for the defendant, contended that the fact that one of the committee had been set off to another town, did not impair his right to act for the town, so long as they continued him their agent. It is not necessary that an agent should reside within the town.

They were chosen officers of the town for a certain purpose, and it is always competent for such officers, or agents, to act by a majority.

The road was accepted by the committee of the town, and

that was a waiver of performance at the day. There was nothing in the vote of the town requiring the road to be finished on any given day. The committee fixed a day, and they had power to extend the time and fix another day.

The inhabitants of the town had seen the work progress, and had seen the plaintiffs expend their labor and their money, and they had used the road, when made. Time is not so the essence of the contract, that the town can let the plaintiffs go on and finish the road, and then use it, and have the full benefit of it, without paying any thing. *Hill* v. *Sch. Dis.* 2, *in Milburn,* 17 Maine R. 316; *Norris* v. *Sch. Dis.* 1, *in Windsor,* 3 Fairf. 293.

The opinion of the Court was drawn up by

WHITMAN C. J. — The suit of the plaintiffs, against the defendants, is for work and labor performed in making a road in the defendants' town. The evidence tended to show, that in the fall of 1838, the inhabitants of Cooper, at a legal meeting for the purpose, chose a committee of three to make a contract, with some one, to construct the road on which the work was done ; and that the committee, so chosen, agreed with the plaintiffs to perform the service, in the course of that, and the next year.

There was no pretence that the plaintiffs fulfilled their contract, within the time agreed upon, if at all. The plaintiffs produced one of the committee, who testified that he thought the road was made about as well as it was expected it should be ; and the plaintiffs, thereupon, offered a certificate signed by him, and another member of the committee, signifying their acceptance of the work, as being according to contract ; to the introduction of which the defendants objected ; because the witness had, before signing it, ceased to be an inhabitant of Cooper, and because the committee were not authorized by the defendants to determine, whether the road had been made according to contract or not.

But the Judge, presiding at the trial, overruled the objection, and admitted the certificate. If this ruling was incorrect, ac-

cording to the Judge's report, the verdict, which was for the plaintiffs, is to be set aside, and a new trial is to be granted.

We do not find in the case any evidence of authority, delegated by the defendants to the committee, to make and deliver to the plaintiffs any such certificate, or to determine whether the road had been well made.

All the authority, which appears to have been conferred upon the committee, by the defendants, was simply that of making a contract. Having made the contract with the plaintiffs, they were *functus officio*, and do not seem to have been clothed with any further powers. The certificate, therefore, should not have been admitted.

A request was made, by the counsel for the defendants, that the Judge should instruct the jury, that the non-performance of the contract, within the time stipulated, was of the essence of the contract, and therefore upon that ground, the plaintiffs ought not to recover.

This the Judge declined doing ; and instructed the jury that, " as the committee were not limited by the vote, and as the plaintiffs had completed the work under the supervision of one of them, and no objection was interposed by the others, time was not so far of the essence of the contract as to deprive the plaintiffs of their remedy." What the precise import of the instruction, thus given, was understood by the jury to be, it may be difficult to comprehend. Time was or was not of the essence of the contract. If there was no agreement, as to the time within which the labor was to be performed, or if there was, by any person competent to the purpose, a waiver of the part of the contract, as to the time of performance, then, whether time was of the essence of the contract or not, was out of the case. But if there was an agreement, in the first instance, as to the time within which the contract was to be performed, and no waiver of it, then, at law, time was of the essence of the contract, and could not be dispensed with in deciding the case. *Norris v. Sch. Dis. in Windsor,* 12 Maine R. 293.

Allen *v.* Cooper.

If the Judge meant to say to the jury, that the supervision of one of the committee was a waiver of the time prescribed for the fulfilment of the contract, he does not seem to have instructed the jury in a manner that could have been distinctly intelligible to them ; and if such were his meaning, and it could have been so understood by the jury ; we think the facts set forth would not authorize any such instruction. Any one of the committee, without authority from the others, even if they were authorized to dispense with any of the terms of the contract, which we think they were not, surely could not properly be considered as having authority for such purpose.

We think therefore that the Judge should have instructed the jury explicitly, as requested, that time was of the essence of the contract ; or if it was not, that he should have stated why it was not, or why it was not applicable to this particular case. Not having done so we cannot deem the instruction to have been well given. The verdict therefore must be set aside, and a new trial be granted.